## Haber v. Monroe County Vocational-Technical School

*Barry J. Cohen,* for plaintiffs.
*Edward Hoffner,* for defendant.

THOMSON, *J.*, March 2, 1981—Presently before us is a motion for summary judgment requested by defendant, Monroe County Vocational-Technical School (Vo-Tech), pursuant to Pa.R.C.P. 1035. Having considered the briefs of the parties, as well as the pleadings of record, we have arrived at the following decision.

The action in question is one in trespass for injuries allegedly suffered by the minor plaintiff while working at the Monroe County Vocational-Technical School as a CETA employe. It is unquestioned that workmen's compensation benefits were applied for and received by plaintiff, apparently

through the coverage provided for the prime CETA provider, Scranton-Lackawanna Human Development, Inc. (SLHDA), the CETA administrator for Monroe County. Defendant Vo-Tech now argues that the Workmen's Compensation Act of June 2, 1915, P.L. 736,.as amended, 77 P.S. § 1 et seq., now provides plaintiff with the sole remedy against it, claiming that he was its borrowed servant or employe at the time the alleged injuries were sustained. Hence, the aforesaid motion.

In considering a motion of this nature, we must determine whether or not there are issues of fact which must be resolved by the trier of fact: Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971). Only in the clearest case of freedom of doubt as to the result should a motion for summary judgment be granted: Diamon v. Penn Mutual Fire Insurance Co., 247 Pa. Superior Ct. 534, 372 A. 2d 1218 (1977).

In the instant case, plaintiff has argued that a genuine issue as to a material fact exists, this being whether or not defendant Vo-Tech stood in the relationship of an "employer" to plaintiff. We concur. The factual situation herein is much different than that which confronted Judge Davison of the Lehigh County court in Haftl v. Allentown Housing Authority, 18 D. & C. 3d 206 (1980) in that court. The Haftl case presented a situation where a CETA worker was hired through the agency of Lehigh Valley Manpower, administrator of the Lehigh County CETA Program. However, in that case, Lehigh Valley Manpower's only contact with plaintiff was to pay his salary and other benefits through CETA funds. Exclusive *control* of his work, which

must be the thrust of the court's inquiry in a case such as this, Walton v. Harold M. Kelly, Inc., 218 Pa. Superior Ct. 28, 269 A. 2d 347 (1970), was vested in defendant therein, the Housing Authority. Hence, Judge Davison granted the Housing Authority's motion for summary judgment.

In the instant case, it appears from the rather lengthy affidavits submitted by plaintiff in opposition to Vo-Tech's motion that SLHDA established the job classification for plaintiff's work and thereafter assigned him to the Vo-Tech work site. Plaintiff was paid from CETA funds administered by SLHDA. The work site (Vo-Tech) was apparently required to obtain permission from SLHDA to have plaintiff perform tasks not covered by his job classification, such as those involved at the time plaintiff was injured, as plaintiff was assigned to the Vo-Tech as a horticulture worker. Field coordinators are assigned to visit each work site to see that workers are performing the task for which they have been designated. Alternately, the responsibility for discharge of employes from work sites rests with SLHDA. Under these circumstances, we feel that different inferences can be drawn from the evidence at hand, as to plaintiff's relationships with defendant Vo-Tech, which raises a jury question: Kissell v. Motor Age Transit Lines, 357 Pa. 204, 53 A. 2d 593 (1947).

In consequence of which, we will issue the following

## ORDER

And now, March 2, 1981, defendant's motion for summary judgment is hereby denied.